AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| RIS ROLLINS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:10-cv-01571-M |
| RECOVERY PROCESSING SYSTEMS | ) | |
| *Defendant* | ) | |

### CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 12/02/2010.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: 12/28/10

CLERK OF COURT



*Signature of Clerk or Deputy Clerk*



UNITED STATES DISTRICT COURT
FILED
JAN 1 4 2011
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIS ROLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>RECOVERY PROCESSING SYSTEMS,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  No. 3:10-cv-1571-M<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER AND FINAL JUDGMENT

Before the Court is Plaintiff Ris Rollins's Motion for Entry of Default Judgment [Docket Entry # 8].

On August 12, 2010, Plaintiff filed an action against Defendant to recover statutory damages and attorney's fees and costs under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* On September 13, 2010, service was properly made on Defendant, but Defendant has failed to answer or otherwise respond to Plaintiff's Complaint. On November 2, 2010, Plaintiff requested that the clerk enter default, and the clerk did. On November 22, 2010, Plaintiff filed this motion.

Where, as here, a default occurs pursuant to Federal Rule of Civil Procedure 55(a), the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998). According to Plaintiff's Complaint, the following are the facts. Defendant has constantly and continuously placed collection calls to Plaintiff, multiple times per day, seeking and demanding payment for

Certified a true copy of an instrument
on file in my office on __12/28/10__
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

1

an alleged consumer debt. Defendant's representative, Bill Taylor, called from the phone number 888-633-2049. Defendant threatened and/or implied that a lawsuit has been filed against Plaintiff, stating "You are on my schedule for Service of Court Summons," and requesting that Plaintiff "get in touch with the filing party." Defendant further implied a lawsuit by stating that there is a "case number attached to your Social of 216057." Defendant stated that failure to contact the filing party's office immediately would result in service of summons at either Plaintiff's residence or his place of employment. Defendant did not disclose that it is a debt collector seeking to collect a debt, failed to give meaningful disclosure of its identity when contacting Plaintiff, and failed to send written verification of the alleged debt. To the best of Plaintiff's knowledge and belief, Defendant has not initiated a formal lawsuit against him.

These facts taken as true, the Court holds that Defendant violated 15 U.S.C. §§ 1692d, 1692e, and 1692g(a) of the FDCPA. The Court finds Plaintiff's calculation of $1,000.00 in statutory damages reasonable under 15 U.S.C. § 1692k(a)(2)(A), which authorizes the Court to award damages not exceeding $1,000.00 in an action brought by an individual. The Plaintiff's Motion as to statutory damages is **GRANTED** in the amount of $1,000.00.

Plaintiff also seeks attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), which mandates an award of reasonable attorney's fees and costs for a debtor who brings a successful action. The amount sought by Plaintiff is reasonable and necessary. Plaintiff's Motion as to attorney's fees is therefore **GRANTED**.

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

(1) Plaintiff have and recover from Defendant the principal sum of ONE THOUSAND and 00/100 DOLLARS ($1,000.00), in statutory damages;

(2) Plaintiff have and recover from Defendant reasonable and necessary attorney's fees,

in the amount of TWO THOUSAND SEVEN HUNDRED FIVE and 00/100 DOLLARS ($2,705.00);

(3) All sums awarded above shall bear post-judgment interest at the rate of .27% per anum until paid; and

(4) Defendant shall pay all of Plaintiffs' taxable court costs.

All relief not expressly granted herein is denied.

**SO ORDERED**.

December 2, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

3